```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
PETER TRUONG,                                                 :
                              Petitioner,                     :
                                                              :      19 Civ. 6038
              -against-                                       :         (LGS)
                                                              :
JAMES PETRUCCI, Acting Warden,                                :       **ORDER**
FCI Otisville                                                 :
                              Respondent.                     :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on June 27, 2019, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF 2. The Petition alleges that Petitioner's denial of access to the TRULINCS system at the Federal Correctional Institution Otisville ("Otisville") violates the United States Constitution and several federal laws. He requests that Respondent, the Acting Warden at Otisville, be directed to rescind the restrictions on his access to the TRULINCS;

WHEREAS, on October 8, 2019, Petitioner was transferred out of Otisville to the Federal Correctional Institution Oklahoma City. *See* ECF 11-3 at 2; *see also* ECF 11 at 6;

WHEREAS, on December 20, 2019, Petitioner filed a notice of a change of address. ECF 16. The notice states that Petitioner is now located at the Federal Correctional Institution San Pedro ("San Pedro"). *Id*. San Pedro is located in the Central District of California. *See* 28 U.S.C. § 84(c)(2);

WHEREAS, neither party has stated that Petitioner is being denied access to the TRULINCS system in San Pedro;

WHEREAS, "[i]f a claim before this Court becomes moot, the Court must dismiss the claim for lack of subject matter jurisdiction." *Jabarah v. Garcia*, No. 08 Civ. 3592, 2010 WL 3834663, at *3 (S.D.N.Y. Sept. 30, 2010). "A case becomes moot when it no longer satisfies the

case-or-controversy requirement of Article III, Section 2 of the Constitution" due to a party no longer having "an actual injury which is likely to be redressed by a favorable judicial decision." *U.S. v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999). "'When an inmate is transferred from a prison facility, any pending injunctive action against the transferring facility is moot, regardless of whether the action was filed prior to the transfer.'" *Goodall v. Von Blancksee*, No. 17 Civ. 3615, 2019 WL 8165002, at *5 (S.D.N.Y. July 19, 2019), *report and recommendation adopted*, No. 17 Civ. 3615, 2020 WL 1082565 (S.D.N.Y. Mar. 5, 2020) (quoting *Jabarah*, 2010 WL 3834663, at *3);

WHEREAS, "venue for a habeas petition under § 2241 challenging a petitioner's physical confinement generally lies in the district of [his] confinement." *U.S. v. Needham*, No. 06 Cr. 911, 2020 WL 2512105, at *2 (S.D.N.Y. May 15, 2020) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004)). "[T]he district of confinement is synonymous with the district court that has territorial jurisdiction over the proper respondent," *Padilla*, 542 U.S. at 444 (emphasis omitted), *i.e.*, "the warden of the facility where petitioner is being held." *Id*. at 435; *see also id.* at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). However, "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Padilla*, 542 U.S. 426, 441 (2004); *accord Ali v. DHS/ICE/Dept. of Justice*, 19 Civ. 8645, 2020 WL 3057383, at *2 (S.D.N.Y. June 9, 2020) (stating that, in a § 2241 action, "[j]urisdiction is determine by the location of Petitioner's detention at the time of filing."). It is hereby

**ORDERED** that the Petition is dismissed as moot.  As Petitioner has been transferred from Otisville, he no longer has an actual injury which can be addressed by a favorable judicial decision.  It is further

**ORDERED** that, should Petitioner seek to file a new § 2241 Petition based on San Pedro's refusal to grant him TRULINCS access, this Court would lack personal jurisdiction and venue would be improper in the Southern District of New York.  Such a Petition would be based on a new alleged injury and therefore the rule that the District Court where the Petitioner was filed retains jurisdiction is inapplicable.

If Petitioner seeks to file a new § 2241 Petition, he should file the Petition in the Central District of California and name the San Pedro Warden as Respondent.

The Clerk of Court is respectfully directed to close this matter and to ensure that Petitioner receives this Order at his current address.

Dated: June 19, 2020
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**